# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 14, 2022

Lyle W. Cayce
Clerk

No. 21-50814
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SARA EUGENIA GALLEGOS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
No. 7:17-CR-136-2

Before SMITH, DENNIS, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:*

Sara Gallegos, federal prisoner #90395-380, appeals the denial of her motion for compassionate release per 18 U.S.C. § 3582(c)(1)(A). She contends that the district court failed to give a sufficient explanation of its decision and abused its discretion in relying on the policy statements in U.S.S.G.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

§ 1B1.13. Gallegos's motion for judicial notice is DENIED.

We review a decision denying compassionate release for an abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). A district court may modify a sentence, after considering the applicable 18 U.S.C. § 3553(a) factors, if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Although the court must provide specific reasons, *Chambliss*, 948 F.3d at 693, the amount of explanation needed depends "upon the circumstances of the particular case," *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018). "In some cases, it may be sufficient for purposes of appellate review that the judge simply relied upon the record, while making clear that he or she has considered the parties' arguments and taken account of the § 3553(a) factors." *Id.*

Gallegos's argument regarding the sufficiency of the reasons for denying her motion is unavailing. Although the district court's explanation was brief, it referred to Gallegos's motion for compassionate release, the government's response, and Gallegos's reply to the response; the court explicitly stated that it took into account the relevant § 3553(a) factors and the applicable policy statements before finding that a sentence reduction was not warranted. *See Chavez-Meza*, 138 S. Ct. at 1965. The rationale for the decision is adequately discernable when the order denying relief is considered in conjunction with the original sentencing by the same district judge, including the presentence report and transcript from the sentencing hearing. The court was particularly concerned with the seriousness of the offense and Gallegos's history and characteristics. *See id.*; § 3553(a)(1), (2).

Additionally, though Gallegos is correct that the policy statements and commentary in § 1B1.13 are not binding, the district court never stated that they were binding. Also, the court did not abuse its discretion in considering the policy statements because the court denied a sentence reduction

No. 21-50814

based on a balancing of the § 3553(a) factors. *See United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021); *see also United States v. Jackson*, 27 F.4th 1088, 1093 n. 8 (5th Cir. 2022).

AFFIRMED.